No. 1:18-cv-05293

_____

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

_____

|  |  |  |
|---|---|---|
| In re George Burciaga, | ) | |
| | ) | |
| Debtor | ) | Appeal from the United |
| _____ | ) | States Bankruptcy Court |
| | ) | for the Northern District |
| George Burciaga, | ) | of Illinois |
| | ) | |
| Debtor-Appellant, | ) | Case No: 18-13481 |
| | ) | |
| v. | ) | Hon. Janet S. Baer |
| | ) | Bankruptcy Judge |
| Alex Moglia, | ) | |
| | ) | |
| Trustee-Appellee. | ) | |

_____

## APPENDIX

_____

Eugene R. Wedoff
144 N. Elmwood Ave.
Oak Park, IL 60302
(312) 285-5849
erwedoff@me.com

David P. Leibowitz
Justin R. Storer
Lakelaw
53 W. Jackson, Suite 1115
Chicago, IL 60604
(312) 662-5750
dleibowitz@lakelaw.com
jstorer@lakelaw.com

*Attorneys for Debtor-Appellant*

# Table of Contents

Relevant Entries from the Bankruptcy Docket ................................. 1

Amended Exemption Schedule ............................................. 3

Motion to Compel Trustee to Abandon Property ............................ 5

Trustee's Objection to Exemptions .................................... 10

Trustee's Response to Debtor's Motion to Compel Trustee to
    Abandon ............................................................. 17

Response to Trustee's Objection to Debtor's Claim of
    Exemptions ............................................................. 18

Order Sustaining Trustee's Objection to Claim of Exemption ....... 23

Notice of Appeal ................................................. 24

Transcript of Proceedings before the Honorable Janet S. Baer ..... 25

Relevant Entries from the Bankruptcy Docket

| Filing Date | # | Docket Text |
|---|---|---|
| 05/08/2018 | 1<br>(61 pgs; 2 docs) | Chapter 7 Voluntary Petition for Individual Fee Amount $335, Filed by Justin R. Storer on behalf of George Burciaga (Attachments: # 1 Signature Pages) (Storer, Justin) (Entered: 05/08/2018) |

| Filing Date | # | Docket Text |
|---|---|---|
| 05/15/2018 | 9<br>(10 pgs) | Amended Schedules A / B,C,with Declaration Filed by Justin R. Storer on behalf of George Burciaga. (Storer, Justin) (Entered: 05/15/2018) |

| Filing Date | # | Docket Text |
|---|---|---|
| 05/31/2018 | 11<br>(7 pgs; 2 docs) | Notice of Motion and Motion to Compel Abandonment of Vacation Pay. Fee Amount $181, Filed by David P Leibowitz ESQ on behalf of George Burciaga. Hearing scheduled for 6/19/2018 at 09:30 AM at 219 South Dearborn, Courtroom 615, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Leibowitz, David) (Entered: 05/31/2018) |

| Filing Date | # | Docket Text |
|---|---|---|
| 06/19/2018 | 17<br>(1 pg) | Order Scheduling (RE: 11 Motion to Compel Abandonment). Response due by 7/3/2018.Reply due by: 7/10/2018 Status hearing to be held on 7/24/2018 at 10:00 AM at 219 South Dearborn, Courtroom 615, Chicago, Illinois 60604. Signed on 6/19/2018 (Batson, Nicole) (Entered: 06/27/2018) |

| Filing Date | # | Docket Text |
|---|---|---|
| 07/03/2018 | 19<br>(9 pgs) | Notice of Hearing and Objection to Debtor's Claim of Exemptions Filed by Joshua D. Greene on behalf of Alex D Moglia ESQ. Hearing scheduled for 7/24/2018 at 09:30 AM at 219 South Dearborn, Courtroom 615, Chicago, Illinois 60604. (Greene, Joshua) (Entered: 07/03/2018) |

| Filing Date | # | Docket Text |
|---|---|---|
| 07/10/2018 | 24<br>(5 pgs) | Response to (related document(s): 19 Objection to Debtor's Claim of Exemptions, 20 Response) Filed by Justin R. Storer on behalf of George Burciaga (Storer, Justin) (Entered: 07/10/2018) |

1

| 07/24/2018 | 27 | (E)Order Denying for the Reasons Stated on the Record Motion To Compel Abandonment (Related Doc # 11 ). Signed on 07/24/2018. (Dragonetti, Alex) (Entered: 07/24/2018) |
|---|---|---|

| 07/26/2018 | 30 (1 pg) | Order Sustaining Objection (RE: 19 Objection to Debtor's Claim of Exemptions). Signed on 7/26/2018 (Williams, Daphne) (Entered: 07/27/2018) |
|---|---|---|

| 08/01/2018 | 35 (5 pgs; 3 docs) | Notice of Appeal to District Court. Filed by David P Leibowitz ESQ on behalf of George Burciaga. Fee Amount $298 (RE: 27 Order on Motion to Compel Abandonment, 30 Order Objection to Claim of Exemptions). Appellant Designation due by 08/15/2018. Transmission of Record Due no later than 08/31/2018. (Attachments: # 1 Exhibit Docket entry 30, order sustaining objection to exemption # 2 Exhibit Civil Cover Sheet)(Leibowitz, David) (Entered: 08/01/2018) |
|---|---|---|

| 08/02/2018 | 37 | Transcript regarding Hearing Held 07/24/2018. Remote electronic access to the excerpt/transcript is restricted until 10/31/2018. The excerpt/transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, contact the Court Reporter A Doolin, Telephone number 312-986-1920. (RE: related document(s) 15 Hearing Motion Continued). Notice of Intent to Request Redaction Deadline Due By 8/16/2018. Redaction Request Due By 08/23/2018. Redacted Transcript Submission Due By 09/4/2018. Transcript access will be restricted through 10/31/2018. (Doolin, Amy) (Entered: 08/02/2018) |
|---|---|---|

| 08/31/2018 | 44 | Transmittal of Record on Appeal to District Court (RE: 35 Notice of Appeal). (Green, Charlie) (Entered: 08/31/2018) |
|---|---|---|
| 08/31/2018 | 45 (1 pg) | Notice of Docketing Record on Appeal to District Court . Case Number 18 cv 05293 Assigned to Judge: Manish S. Shah (RE: 35 Notice of Appeal). (Green, Charlie) (Entered: 08/31/2018) |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **George Burciaga** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number | 18-13481 | | |
| (if known) | | | |

■ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                    4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim.** One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line in *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Necessary wearing apparel**<br>Line from *Schedule A/B*: **11.1** | $500.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(a)** |
| **Wedding band**<br>Line from *Schedule A/B*: **12.1** | $1,800.00 | ■ $1,800.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(a)** |
| **401(k): Sentinel Benefits**<br>Line from *Schedule A/B*: **21.1** | $55,000.00 | ■ $55,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1006** |
| **AXA (Universal)**<br>**Beneficiary: Trina Fresco-Burciaga;**<br>**debtor's wife**<br>Line from *Schedule A/B*: **31.1** | $22,000.00 | ■ $22,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **215 ILCS 5/238** |
| **Accrued vacation pay from**<br>**now-former employer**<br>Line from *Schedule A/B*: **35.1** | $24,000.00 | ■ $20,400.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-803, 740 ILCS**<br>**170/4** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

3

Debtor 1    **George Burciaga**                                                              Case number (if known)    **18-13481**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **Expense reimbursement from former employer**<br>Line from *Schedule A/B*: **35.2** | $9,000.00 | ■  $4,000.00<br>☐  100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |

3.  **Are you claiming a homestead exemption of more than $160,375?**
    (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

    ■  No

    ☐  Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ☐  No

        ☐  Yes

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **GEORGE BURCIAGA,** | ) | Case No. 18-13481 |
| | ) | |
| Debtor | ) | Hon. Janet S. Baer |
| | ) | |
| | ) | |

## MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY

NOW COMES THE DEBTOR, George Burciaga, by and through his attorneys at Lakelaw, and hereby respectfully requests this Honorable Court enter an order finding that certain property ("Vacation Pay" as defined herein) is partially exempt from collection, and directing abandonment by the Trustee of interest of the Debtor in the Vacation Pay to the extent that it is exempt, pursuant to 11 USC 554(a) and Federal Rule of Bankruptcy Procedure 6007(b):

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Application pursuant to 28 USC §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A),  (b)(2)(N), and (b)(2)(O).

2.      Venue is proper in this Court pursuant to 28 USC §§ 1408 and 1409(a).

3.      By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination.

### Factual and Procedural Background

4.      Prior to the petition date, First Midwest Bank obtained a judgment against the Debtor in case 2016-L-000172 at the Circuit Court of Cook County.

5.      To collect on its judgment, First Midwest Bank instituted supplementary proceedings against the Debtor pursuant to 735 ILCS 5/2-1402, including serving a citation to CIVIQ Smartscapes, LLC, the Debtor's employer.

6.      On or about May 1, 2018, the Debtor was laid off from CIVIQ Smartscapes.

7.      The Debtor filed for bankruptcy under chapter 7 of Title 11, the United States Bankruptcy Code, on May 8, 2018.

8.      On May 15, 2018, the Debtor filed an amended schedule of personal property and schedule of exemptions.

9.      The Debtor scheduled that as of the petition date, he was entitled to receive approximately $24,000.00 in accrued vacation pay from CIVIQ Smartscapes (the "Vacation Pay"), and he remains so entitled. (It is likely not $24,000.00 to the penny.)

10.      The Debtor asserted, and asserts, that $20,400.00 of the Vacation Pay (that is to say, 85% of the total on hand) is exempt under 11 U.S.C. 522(b) pursuant to, as relevant here, 735 ILCS 5/12-803.

11.      This statute provides that "The wages, salary, commissions and bonuses subject to collection under a deduction order, for any work week shall be the lesser of (1) 15% of such gross amount paid for that week…"

## Argument

12.      The statutory effect of 735 ILCS 5/12-803 is to protect a debtor's wages from all forms of collection, and, as such, the limitation of the Illinois Wage Deduction Act is effectively an exemption that can be used in bankruptcy proceedings." *In re: Mayer*, 388 B.R. 869 (Bankr. N.D.Ill. 2008; Wedoff, J.)

*All Vacation Pay that CIVIQ Smartscapes owes the Debtor constitutes "wages."*

13.      Under the Illinois Wage Payment and Collection Act, "wages" are defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement

between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation…" 820 ILCS 115/2.

14.    The Vacation Pay was owed to the Debtor pursuant to his contract and agreement with CIVIQ Smartscapes.

15.    Prior iterations of the Illinois Wage Payment and Collection Act had been found by the Illinois Supreme Court to exclude vacation pay from the ambit of the statute; however, the act was thereafter amended to include vacation pay and to define "wages" even more broadly, to include any compensation due and owing an employee pursuant to an employment contract. *Metropolitan Distributors, Inc. v. Ill. Dept. of Labor*, 114 Ill.App.3d 1090, 1094 (Ill. App., 1st Dist., 2nd Div., 1983).

16.    Accordingly, any sum due the Debtor pursuant to his employment contract, or any other agreement with CIVIQ Smartscapes, including the Vacation Pay, constitutes "wages."

*Later distinction in the Wage Payment and Collection Act between "wages" and "earned vacation" are not material.*

17.    The Wage Payment and Collection Act elsewhere recites: "Payments to separated employees shall be termed 'final compensation' and shall be defined as wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

18.    The payment of the Vacation Pay now at issue constitutes both "wages" and one component of the "final compensation" under the law. However, the "final compensation" provision's apparent distinction, when separately listing "wages" and "earned vacation" is of no importance.

19.    The Illinois Wage Payment and Collection Act later recites: "Except as hereinafter provided, deductions from wages or final compensation are prohibited unless such deductions are… in response to a valid wage assignment or wage deduction order." 820 ILCS 115/9(3). As such, the Illinois Wage Payment and Collection Act clearly intends to treat "final compensation" under the

law in the same manner as "wages," and so the same protections afforded a debtor, in respect to a wage deduction order, apply.

20.     No matter how the Vacation Pay is understood, the 735 ILCS 5/12-803 exemption applies.

21.     Finally, exemption statutes should be liberally construed in favor of the Debtor; if it is possible to construe an exemption statute in ways that are both favorable and unfavorable to the Debtor, then the favorable method should be chosen. *In re Barker*, 768 F.2d 191, 196 (7th Cir. 1985).

22.     Insofar as the Vacation Pay is 85% exempt under 735 ILCS 5/12-803, it is of no value to the estate, and should be abandoned immediately.

**Relief Requested, Basis for Requested Relief, Notice**

23.     The Debtor requests this Court enter an order (a) finding 85% of the Vacation Pay exempt under 735 ILCS 5/12-803, and (b) compelling the Trustee to abandon the exempt portion of the Vacation Pay.

24.     Under 11 U.S.C. 554(a) after notice and hearing, the Trustee may abandon any property of the estate that is burdensome or of inconsequential value; under 11 U.S.C. 554(b) on request of a party in interest and after notice and a hearing, the Court may order the Trustee to abandon any property that is burdensome, or that is of inconsequential value and benefit to the estate.

25.     Under Federal Rule of Bankruptcy Procedure 6007(b), a party in interest may file and serve a motion requiring the Trustee to abandon property of the estate.

26.     Under Federal Rule of Bankruptcy Procedure 6007(a), a party in interest may serve an objection to a Trustee's notice of proposed abandonment within 14 days of the mailing of the notice; for that reason, the notice given on this motion is sufficient.

**WHEREFORE** the Debtor, George Burciaga, prays this Court enter an order finding the

Vacation Pay, as defined in this motion, 85% exempt under 735 ILCS 5/12-803, directing interim

Trustee Alex Moglia to abandon the Vacation Pay (except for the 15% not exempt) and issuing such

other relief as this Court may deem just and proper.

**Respectfully Submitted,**
**George Burciaga**
**By: /s/ David P. Leibowitz**

David P. Leibowitz (ARDC 1612271)
Justin R. Storer (ARDC 6293889)
Lakelaw
53 W. Jackson, Suite 1115
Chicago, IL 60604
312.662.5750

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | | |
| George Burciaga, | ) | Chapter: | 7 |
| | ) | | |
| | ) | Case No: | 18-13481 |
| Debtor. | ) | | |
| | ) | Judge: | Janet S. Baer |
| | ) | | |

## TRUSTEE'S OBJECTION TO EXEMPTIONS

NOW COMES the Trustee, Alex D. Moglia, (herein "Trustee"), by and through his attorneys Springer Brown, LLC, and moves this court for entry of an order Denying the Debtor's Exemptions under the Illinois Wage Deduction Act and Illinois Wage Assignment Act. In support of this Motion, Trustee respectfully states to this Court as follows:

### Background

1.      On May 8, 2018, George Burciaga ("Debtor") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq*. (the "Code").

2.      The Debtor's Amended Schedule B filed on May 15, 2018 lists personal property including, among other things, approximately $24,000 in vacation pay from CIVIQ Smartscapes (the "Vacation Pay").

3.      Debtor's Amended Schedule C claims to attempts to exempt 85% of the Vacation Pay pursuant to 735 ILCS 5/12-803, the Illinois Wage Deduction Act. The Trustee objects to this exemption.

### Argument

4.      As an initial matter, when a bankruptcy petition is filed, all of the Debtor's property becomes part of the bankruptcy estate pursuant to 11 U.S.C. § 541. When an exemption

is claimed and allowed, the exempt property passes out of the estate and back to the debtor by

operation of law. *In re: Yonikus*, 996 F.2d 866, 869-70 (7th Cir. 1993); *In re: Thum*, 329 B.R.

848, 850 (Bankr. C.D. Ill. 2005).

5.      The Illinois Wage Deduction Act provides:

> "The maximum wages, salary, commissions and bonuses subject to collection
> under a deduction order, for any work week shall not exceed the lesser of (1) 15%
> of such gross amount paid for that week or (2) the amount by which disposable
> earnings for a week exceed 45 times the Federal Minimum Hourly Wage
> prescribed by Section 206(a)(1) of Title 29 of the United States Code, as
> amended, in effect at the time the amounts are payable. This provision (and no
> other) applies irrespective of the place where the compensation was earned or
> payable and the State where the employee resides. No amounts required by law to
> be withheld may be taken from the amount collected by the creditor. The term
> "disposable earnings" means that part of the earnings of any individual remaining
> after the deduction from those earnings of any amounts required by law to be
> withheld."

735 ILCS 5/12-803.

6.      Debtor and Trustee agree that the Vacation Pay constitutes "wages" under the

Wage Deduction Act. Several Illinois bankruptcy courts and one U.S. District Court have

addressed the issue of whether a bankruptcy debtor can claim an exemption in commissions

owing as of the commencement of the bankruptcy case under the Wage Deduction Act. The

majority of courts have held that a debtor may not. *Richardson v. Koeneman* (*In re*: Koeneman),

410 B.R. 820 (C.D. Ill. 2009); *In re: Radzilowsky*, 448 B.R. 768 (Bankr. N.D. Ill. 2011); *In re:

Jokiel*, 2012 Bankr. Lexis 109, 2012 WL 33246 (Bankr. N.D. Ill. Jan. 5, 2012); *Thum,* 329 B.R.

848 (2005); *In re: Royer*, 2006 Bankr. Lexis 632 (Bankr. C.D. Ill. April 6, 2006); *In re: Kane*,

2010 Bankr. Lexis 18 (Bankr. C.D.Ill. Jan. 12, 2010). Only one court has held that a debtor may

claim an exemption under these statutes. *See In re: Mayer*, 388 B.R. 869 (Bankr.N.D. Ill. 2008).

The decisions of those courts which have refused to allow an exemption under the Wage

Deduction Act are persuasive and this court should adopt their reasoning.

7.      The plain language of the Wage Deduction Act limits its applicability to "a deduction order" or "the amount that may be collected by an assignee." Nowhere in the statute does the term "exemption" appear. While legislative history is particularly helpful in guiding a court's interpretation when a statute is ambiguous, a court need not look beyond the words to interpret a statute if the language is clear and unambiguous. *Meredith v. Bowen*, 833 F.2d 650, 654 (7th Cir. 1987).  The Illinois exemption statute, 735 ILCS 5/12-1001, which contains exemptions for a debtor's motor vehicle and wearing apparel, among other things, nowhere lists wages or commissions due and owing. The Illinois legislature has shown that it can create an exemption if it wants to. It did so in the general exemption statute, but did not do so in the Wage Deduction Act. Thus, the plain language of the Wage Deduction Act does not create exemptions for a debtor to use in bankruptcy.

8.      Other Illinois statutes, such as the Supplemental Proceedings provision of the Illinois Code of Civil Procedure, do not create an exemption for wages. *See* 735 ILCS 5/12-1402. That section says that "A judgment creditor …is entitled to prosecute supplementary proceedings for the purposes of examining a judgment debtor or any other person to discover assets or income not exempt from the enforcement of the judgment, a deduction order or garnishment." The statutory citation notice to be sent provides that it list certain exemptions, and then lists the same language of the Wage Deduction Act. As with the Wage Deduction Act, nowhere does the Illinois Legislature express an intent to make this exemption applicable to bankruptcy.

9.      Moreover, as explained in *Koeneman*, allowing the Wage Deduction Act to create a general exemption in bankruptcy is at odds with the purpose of the statute, which is to prevent debtors from having to file bankruptcy in the first place. *See Koeneman*, 410 B.R. at 826. In support of its argument, the *Koeneman* court cited the U.S. Supreme Court case of *Kokoszka v.*

*Belford*, 417 U.S. 642 (1974), a case decided under the Bankruptcy Act which rejected an argument that the federal limitations on wage garnishment provided by the Consumer Protection Act, similar to the Wage Deduction Act, had an effect in a bankruptcy proceeding. In that case, the Supreme Court said that "Congress's concern [in enacting the Consumer Protection Act] was not the administration of a bankrupt's estate but the prevention of bankruptcy in the first place by eliminating an essential element in the predatory extension of credit resulting in a disruption of employment, production, as well as consumption and a consequent increase in personal bankruptcies." *See Koeneman*, 410 B.R. at 826-827, *citing Kokoszka*, 417 U.S. at 650-651.

       10.     The reasoning in *Koeneman*, *Kokoszka* and *Thum* is consistent with the general purpose of the exemption statutes, the Wage Garnishment Act, the Wage Assignment Act and the Bankruptcy Code, which is to protect future income of the debtor, not income received in the past. The Wage Garnishment Act and Wage Assignment Act are forward looking, applying only to wages due or to become due to the debtor during the period of the garnishment. Any wages already received in the past that are deposited in the debtor's bank account or somewhere else are subject to exemption laws, which look backward. Thus, exemption laws apply to property in which the Debtor already has an interest, and wage deduction laws apply to property in which the debtor has yet to obtain an interest. As explained by the U.S. Supreme Court, the wage deduction laws allow a debtor to keep a portion of his future income to prevent future financial trouble. The Bankruptcy Code acts in much the same way for Chapter 7 debtors. Section 541 of the Code only allows "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541 (2005). Any property due to the debtor after the filing, most notably wages, are not property of the estate. Therefore the debtor can use those wages to obtain a fresh start.

11.    The court in the case of *In re: Mayer*, 388 B.R. 869 (Bankr. N.D. Ill. 2008) reached an opposite conclusion to the cases previously cited. In *Mayer*, the court first found that it is not the wording of the statute that creates an exemption, but its effect: "does it or does it not protect an asset against all forms of collection." *Id*. at 872. In support of this conclusion the court cited several cases finding exemptions to exist under Illinois statutes other than the exemption statute. For example, Judge Wedoff in *In re: McClure*, 175 B.R. 21 (Bankr. N.D. Ill. 1994), found that a bankruptcy debtor may exempt property under the Illinois Worker's Compensation Act. That statute provided that "no payment, claim, award or decision under this act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages." *McClure*, 175 B.R. at 23; 820 ILCS 305/21. Moreover, the Illinois Appellate Court had previously found that the Worker's Compensation Act provided an exemption from creditors even though the statute did not explicitly contain the word "exemption." *Mentzer v. Van Scyoc*, 233 Ill.App.3d 438 (Ill.App.Ct. 1992). In addition to the decisions involving the Worker's Compensation Act, the bankruptcy court in *In re: Simpson*, 115 B.R. 142 (Bankr. C.D.Ill. 1988) found that an exemption existed under the Teachers Retirement System for a retirement annuity. That statute provided that the benefit "shall be subject neither to attachment, garnishment, execution, or other seizure by process, nor to sale, pledge, mortgage, or other alienation, and shall not be assignable except as in this Article provided."

12.    The language contained in the Wage Deduction Act is much different from the language of the Worker's Compensation Act and the Teachers Retirement System Act. The language in the Worker's Compensation Act and the Teachers Retirement System Act is much broader and it is clear that the intent is to limit any type of collection whatsoever for benefits under those acts. The Wage Deduction Act is very narrow in focus, limiting collection under "a

deduction order." Moreover, unlike the Wage Deduction Act, the Worker's Compensation Act and the Teachers Retirement System Act statutes are backward looking, exempting property that the debtor already has an interest in, not property acquired in the future. Thus, it is clear that the Illinois legislature did not intend to create a general exemption in the Wage Deduction Act as it did in the Worker's Compensation Act or the Teachers Retirement System Act.

13.     Despite the differences in language between the Wage Deduction Act and other acts found to create exemptions, the *Mayer* court essentially said that the broad language is unnecessary in the Wage Deduction Act, as it is the only method of collecting unpaid wages. *Mayer*, 388 B.R. at 872 ("But the nature of unpaid wages, as choses in action immune from these common law methods of satisfying judgments, makes the broader exemption language employed in other Illinois exemption provisions unnecessary.") However, there are several possible methods of collecting unpaid wages besides a wage deduction order. For example, in *Wienco, Inc. v. Scene Three, Inc*., 29 F.3d 329 (7th Cir. 1994), the Seventh Circuit upheld a district court order compelling a debtor to turn over certain commissions and to pay 25% of his future income to his judgment creditor. The judgment debtor relied on the Wage Deduction Act, arguing that 85% of his wages were exempt. The Seventh Circuit rejected this argument, saying that the order was not a wage deduction order, since it was directed to the debtor and not his employer. As *Wienco* shows, a judgment creditor may collect future wages by entry of a turnover order to the debtor, in addition to a wage deduction order directed to an employer. Therefore, the reasoning of the court in *Mayer* that a wage deduction order is the sole method for a creditor to collect a debtor's wages, is incorrect.

## **Conclusion**

14.     The Court should sustain the Trustee's objection to the debtor's claim of

exemptions under the Wage Deduction Act. As the foregoing demonstrates, the Wage Deduction

Act does not allow for a general exemption of wages or commissions due and owing to the

debtor as of the filing of the bankruptcy case.


    WHEREFORE, the Trustee, Alex D. Moglia, requests that this Court enter an order: (1)

sustaining the Trustee's objection to the Debtor's exemptions under the Illinois Wage Deduction

Act, and for such other and further relief as this court deems equitable and just.



                        Respectfully Submitted,
                        **Alex D. Moglia, Trustee**


                        By:    /s/ Joshua D. Greene
                               One of his attorneys


Thomas E. Springer
David R. Brown
Joshua D. Greene
John H. Squires, Of Counsel
**Springer Brown, LLC.**
300 S. County Farm Road, Ste. I
Wheaton, IL 60187
(630) 510-0000

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE:                                    )
                                          )
George Burciaga,                          )        Chapter:      7
                                          )
                                          )        Case No:      18-13481
                          Debtor.         )
                                          )        Judge:        Janet S. Baer
                                          )

**TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO COMPEL**
**TRUSTEE TO ABANDON**

NOW COMES the Trustee, Alex D. Moglia, by and through his counsel Springer Brown,

LLC, and submits his Response to the Motion of Debtor to Compel the Trustee to Abandon

Property, and respectfully states to this Court as follows:

1.        For the reasons set forth in the Trustee's Objection to Debtor's Claim of

Exemptions, as adopted and set forth as fully pleaded herein, Trustee objects to the Debtor's

Motion to Compel Trustee to Abandon.

**WHEREFORE,** the Trustee respectfully requests this Court enter an Order denying

Debtor's Motion to Compel Trustee to Abandon, and such other and further relief as this Court

deems just and equitable.


                                    Respectfully Submitted,
                                    Alex D. Moglia, Trustee

                                    By:      /s/ Joshua D. Greene
                                             One of His Attorneys

Joshua D. Greene
Springer Brown, LLC
300 S. County Farm Rd.
Suite I
Wheaton, Illinois 60187
(630) 510-0000
Fax: (630) 510-0004
jgreene@springerbrown.com

17

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **GEORGE BURCIAGA,** | ) | **Case No. 18-13481** |
| | ) | |
| Debtor | ) | **Hon. Janet S. Baer** |
| | ) | |
| | ) | |

## RESPONSE TO TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

NOW COMES THE DEBTOR, George Burciaga, by and through his attorneys at Lakelaw, and hereby respectfully submits his Response to Trustee Alex Moglia's Objection to Exemptions (dkt. 19), which also serves as a reply in support of his own Motion to Compel Abandonment (dkt. 11), and states as follows:

## INTRODUCTION

As of the petition date, the Debtor was entitled to receive certain tranches of compensation from his former employer, CIVIQ Smartscapes LLC ("CIVIQ"). Presently at issue is wage compensation in the gross amount of $24,183.43, representing 201.21 hours of earned vacation not taken as of the prepetition termination of his employment (the "Vacation Pay"). The Debtor has claimed 85% of the Vacation Pay exempt under 735 ILCS 5/12-803, the Illinois Wage Deduction Act, and moved the Trustee to abandon his interest that 85% and allow it to be paid to the Debtor. The Trustee has responded to that request by objecting to the Debtor's claim of exemptions.

Thee Illinois Wage Deduction Act provides: "The maximum wages... subject to collection under a deduction order, for any work week, shall not exceed the lesser of (1) 15% of such gross amount paid for that week."

The Trustee properly agrees that the Vacation Pay constitutes "wages" under applicable Illinois law (dkt. 19, at para. 6). The Trustee correctly declines to stake out an argument based on the "for any work week" language. (The Vacation Pay was, in fact, earned on an ongoing basis pursuant

to the Debtor's employment agreement). The Trustee's exclusive argument is to deny that 735 ILCS 5/12-803, the "Illinois Wage Deduction Act," operates as an exemption in bankruptcy at all.

## ARGUMENT

The Illinois Wage Deduction Act protects 85% of the Debtor's Vacation Pay. "In determining whether a statutory provision confers an exemption, the critical question is whether it protects an asset of the debtor against all collection activities." *In re Geise*, 992 F.2d 651, 659 (7th Cir. 1993). This is made clear with reference to 735 ILCS 5/2-1402(k-5), which governs supplementary proceedings.

On its face, 735 ILCS 5/12-803 could appear to apply only to a "deduction order." In plain language it certainly reads as if it only caps nonbankruptcy wage garnishments.[1] However, this was not the intent of the Legislature; 735 ILCS 5/12-803 sets an 85% limit applicable to all collection proceedings related to wages.

Section 2-1402 of the Illinois Code of Civil Procedure governs such "supplementary proceedings," and this is the appropriate frame of reference to understand the Trustee's administration of this estate.[2]  735 ILCS 5/2-1402(k-5) provides that, if a third-party respondent to such supplementary proceeding is holding property that is wages, the Court shall proceed as if a wage deduction proceeding had been filed, "including but not limited to the granting of the statutory exemptions allowed by section 12-803…" Section 2/1402(k-5) specifies that the applicable statutory exemption (that is to say, 85% payable to the Debtor) applies to anything that is wages in a supplementary proceeding – not just a wage garnishment.

---

[1] Incidentally, "deduction order" is a defined term, defined at 735 ILCS 5/12-801 as: "an order entered pursuant to Section 12-811 of this Act." That section, in turn, sets forth procedural guidelines for orders entered against employers requiring them to provide a certain amount of a garnishee debtor's income to the judgment creditor. For reasons that follow, however, the 15% cap is not, actually limited to such orders.

[2] Section 544(a)(1) and (a)(2) of the Bankruptcy Code specify that, in furtherance of his duties, the chapter 7 trustee has the rights and powers of a creditor with a judicial lien or an unsatisfied execution. As such, the Trustee's posture may be analogized to a judgment creditor executing a supplemental proceeding.

The Trustee's recovery of the Vacation Pay, as such, would be analogous to an order entered pursuant to a citation to discover assets. "[Such proceedings, while undertaken] pursuant to special proceeding under Part 14 of Article II, is treated as an order obtained pursuant to a wage deduction proceeding under Part 8 of Article XII." *In re Cervantes*, 503 B.R. 689 (Bankr. N.D.Ill. 2013; Baer, J.).

In this instance, CIVIQ would be such a third-party respondent, and the Vacation Pay is undisputedly wages. As the *Mayer* Court writes, subsection k-5's addition, in 2008, "further emphasizes the General Assembly's intent to incorporate the procedures of the Wage Deduction Act into the citation statute." *In re Mayer*, 388 B.R. 869 at fn. 4 (Bankr. N.D.Ill 2008; Wedoff, J.).

As such, the Trustee's assertion that "[t]he Wage Garnishment Act… [is] forward looking, applying only to wages… due to the debtor during the period of the garnishment" (dkt. 19, para. 10) is deficient; due to the operation of 735 ILCS 5/2-1402(k-5), the exemption of 735 ILCS 5/12-803 applies to anything that is wages. There is no limitation that such wages need be payable on a "forward looking" basis; given 735 ILCS 2/1402(k-5), back pay or vacation pay, for example, are protected by 5/12-803 as well.

The Trustee's argument that "wage deduction laws apply to [protect] property in which the debtor has yet to obtain an interest" (dkt. 19, at para. 10) is incorrect on its face, and the Trustee's implication – that the Vacation Pay is property in which the Debtor had no interest as of the petition date, and so is not within the intended purview of exemption statutes – doubly so.

In sum, 735 ILCS 2/1402(k-5) specifies that 735 ILCS 5/12-803 is applicable to protect the Vacation Pay against all forms of collection activity; it is not just limited to ongoing wages. It is an exemption.


The Trustee argues that state law exemptions and bankruptcy exemptions have different purposes, and argues that an analysis of these purposes would show that the General Assembly did not intend 735 ILCS 5/12-803 to apply as an exemption in bankruptcy proceedings.

True, the general purpose of exemption in bankruptcy is to ensure that the debtor comes out of bankruptcy with sufficient property to assist him in his fresh start. H.R. Rep No 95-595, at 126 (1987) Reprinted in 1978 U.S.C.C.A.N. 5963, 6087 ("[T]here is a Federal interest in seeing that a debtor that goes through bankruptcy comes out with adequate possessions to begin his fresh start."), *cited at In re: Porayko*, 443 B.R. 419, 427-428.

The Vacation Pay is in this instance, necessary for the Debtor's fresh start. It is regular practice that a wage-earning employee would accrue vacation time as a means of continuing his income, should his job be lost. The Debtor failed to take over five weeks of vacation time as such a hedge.

Even if the Vacation pay weren't strictly necessary for the Debtor's fresh start, it would be exempt. Given that Illinois allows the application of unlimited exemptions to certain assets without regard to their post-bankruptcy value, it is obvious that the intent of the General Assembly cannot be distilled into exempting "necessities," and cannot be summarized as allowing "adequate possessions." For example, Illinois also exempts 100% of the aggregate net cash value of a whole life insurance policy, so long as the beneficiary is the Debtor's spouse, without regards to its "necessity" (735 ILCS 5/12-1001(f)); likewise exempt would be a right to receive, or property that is traceable to, an award under a crime victim's reparation law (735 ILCS 5/12-1001(h)(1)) or an extremely valuable old Bible (735 ILCS 5/12-1001(a), *see also In re Robinson*, 811 F.3d 267 (7th Cir. 2016)).[3]

The Trustee, himself, cites to several instances in which exemptions have been located for bankruptcy purposes, without regard to cash value or necessity, despite their not taking the traditional form of an exemption; this would include payments under the Illinois Worker's Compensation Act and the Teachers Retirement System (dkt. 19, at para 11, *citations omitted*).

---

[3] The first example would also dispute the adage that property is exempt because the debtor may "forever sequester" such property from the reach of creditors. *See in re Radzilowsky*, 2011 WL 1740075, at *2. 735 ILCS 5/12-1001(f) does not protect property traceable to such cash value; it protects the cash value itself. It defies credulity that such property would not end up in a bank account before becoming usable, but such funds would not thereafter be "forever sequestered" from collection.

Analogously, because 85% of the Vacation Pay is protected from all collection activity, this Court would correctly hold it to be exempt in bankruptcy.

The Seventh Circuit has mandated a liberal construction of the Illinois exemption statutes. *In re Simpson*, 115 B.R. 142 (Bankr. C.D.Ill. 1988), citing *In re Barker*, 768 F.2d 191, 196 (7th Cir. 1985). It is a truism that exemption statutes should be construed liberally in favor of the Debtor; if it is possible to construe an exemption statute in ways that are both favorable and unfavorable to the Debtor, the favorable method should be chosen. *Barker,* at *id.* Because this liberal construction is appropriate, choosing the method favorable to the Debtor is the proper analysis to determine if a certain statute is an exemption at all.

Finally: Under Federal Rule of Procedure 4003(c), the party objecting to the Debtor's entitlement to exemptions has the burden of proving that the exemptions are not properly claimed. The Debtor would ordinarily bear the burden on his motion to compel abandonment (554 *Collier on Bankruptcy* 554.02 (2017)), but the motion to compel abandonment was filed due to necessity: Mr. Burciaga and his family need the money, and an order directing the money be paid to him (not merely overruling the objection to exemptions) would likely be necessary for CIVIQ's comfort. As the motion to compel abandonment and the objection to exemptions are fundamentally grounded in the same argument and the same facts, the Trustee has appropriately made clear that the burden of proof falls on him. He has, however, failed to meet that burden.

Respectfully submitted,

**George Burciaga**
By: /s/ Justin R. Storer

Justin R. Storer (ARDC #6293889)
Lakelaw
53 W. Jackson, Suite 1115
Chicago, Il 60604
312.662.5757
jstorer@lakelaw.com

Case 18-13481    Doc 30    Filed 07/26/18    Entered 07/27/18 11:47:51    Desc Main
                            Document        Page 1 of 1

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
#### Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:    18-13481 |
| | ) | |
| George Burciaga, | ) | Chapter: 7 |
| | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

This cause coming on to be heard on the objection of Alex D. Moglia, Trustee (the "Trustee") to the Debtor's claim of exemption, due notice having been given, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

The Trustee's objection to the Debtor's claim of exemption under 735 ILCS 5/12-803 is sustained.

Enter:

Janet S. Baer (nkd)

United States Bankruptcy Judge

Dated: 7/26/2018

**Prepared by:**
Joshua D. Greene
Springer Brown, LLC
300 South County Farm Rd.
Suite I
Wheaton, IL 60187
(630) 510-0000
jgreene@springerbrown.com

23

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
| George Burciaga, | ) | 18-13481 |
| Debtor | ) | Hon. Janet S. Baer |
|  | ) |  |

## NOTICE OF APPEAL

Now comes George Burciaga, and files this Notice of Appeal to the United States District

Court for the Northern District of Illinois, pursuant to 28 U.S.C. 158(a)(1), from the "Order on

Motion to Compel Abandonment" (docket entry 27 in the above-captioned proceeding; electronic

docket text only) entered on July 24, 2018, and the "Order Sustaining Trustee's Objection to Claim

of Exemption" (docket entry 30, order attached hereto) entered on July 27, 2018.

The names, addresses, and telephone numbers of the respective attorneys for parties to the

Orders appealed are as follows:

**George Burciaga**
Represented by          David P. Leibowitz
                        Lakelaw
                        53 W. Jackson, Suite 1115
                        Chicago, IL 60604
                        312.662.5757

**Alex Moglia, Chapter 7 Trustee**
Represented by          Joshua A. Greene
                        Springer Brown
                        300 S. County Farm Road, Suite I
                        Wheaton, IL 60187
                        630.510.0000

                        By:     /s/ David P. Leibowitz
                        One of the attorneys for George Burciaga

David P. Leibowitz (ARDC 1612271)
53 W. Jackson, Suite 1115
Chicago, IL 60604
dleibowitz@lakelaw.com
312.662.5750

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

George Burciaga,                    )  No. 18 B 13481
                                    )  Chicago, Illinois
                                    )  10:00 a.m.
                        Debtor.      )  July 24, 2018

TRANSCRIPT OF PROCEEDINGS BEFORE THE
HONORABLE JANET S. BAER

APPEARANCES:

For the Trustee:          Mr. David Brown;

For the Debtor:           Mr. Justin Storer;

Court Reporter:           Amy Doolin, CSR, RPR
                          U.S. Courthouse
                          219 South Dearborn
                          Room 661
                          Chicago, IL  60604.

2

1          THE CLERK:  Burciaga.

2          MR. STORER:  Good morning, Your Honor.
3     Justin Storer on behalf of the debtor.

4          MR. BROWN:  Good morning, Your Honor.
5     David Brown on behalf of the trustee.

6          THE COURT:  Good morning.

7          So I read all of the papers, and then
8     I started to look at the case law.  And I
9     specifically looked at Judge Perkins' order -- Judge
10    Perkins' ruling in the Thum case from 2005; Judge
11    Wedoff's ruling in the Mayer case from 2008; the
12    district court's ruling in the Pullman case in 2009,
13    which talked about both Wedoff and Perkins; then the
14    Radzilowsky ruling from Judge Doyle here in 2011.  I
15    have also looked at the various Seventh Circuit
16    precedents cited.

17         And maybe for the first time that I
18    can think of in a long time, I actually disagree with
19    Gene Wedoff.  I really do believe that Judge Perkins
20    down in the Central District did an outstanding
21    analysis of the whole case.

22         And based on his analysis, which was
23    then followed by the district court in the Central
24    District, as well as by Judge Doyle and not by Judge
25    Wedoff, I do not believe that these proceeds are

3

1   exempt.  I think that the Illinois statute very
2   clearly exempted certain things and didn't exempt
3   anything else.  And I want to read from Judge Perkins
4   because I think it's just a perfect recitation of the
5   law.

6           He says, "The purpose of garnishment
7   caps is to protect the wage earner living paycheck to
8   paycheck from losing his entire earnings so that he
9   is left destitute with no ability to pay necessary
10  family living expenses.  Presumably by receiving
11  85 percent of his pay, he at least is able to pay the
12  rent and put food on the table.

13          "Once he deposits the wages into a
14  bank account, however, the funds become fair game for
15  creditors.  An insolvent person may not accumulate
16  and shelter funds in a bank account simply because
17  they derive from wages.  It is entirely rational that
18  the legislature would enact wage garnishment caps as
19  a limited, non-bankruptcy protection for accrued
20  wages, while leaving the wildcard exemption as the
21  sole source of protection for paid wages."

22          Therefore, these wages, which was
23  really vacation pay after termination, are not exempt
24  under the Illinois statute, and can only be protected
25  if they would come under the wildcard exemption.  And

4

1  I have no idea here if the debtor used up the

2  wildcard or not.  But that's not before me.

3              So under those circumstances, I will

4  grant the trustee's motion for turnover.  No, the

5  trustee's -- I will sustain the trustee's objection

6  to the exemption.  That's what this is.

7              MR. BROWN:  And deny the motion to

8  compel abandonment?

9              THE COURT:  And deny the motion to

10  compel abandonment, correct.  I am not going to issue

11  a written opinion.  There is enough on this already.

12              MR. BROWN:  Thank you, Your Honor.

13              THE COURT:  Okay.  Thank you.

14              (Which were all the proceedings had in

15               the above-entitled cause, July 24,

16               2018, 10:00 a.m.)

17  I, AMY B. DOOLIN, CSR, RPR, DO HEREBY CERTIFY
    THAT THE FOREGOING IS A TRUE AND ACCURATE
18  TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-
    ENTITLED CAUSE.

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the appellate CM/ECF system on October 1, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>/s/ Eugene R. Wedoff</u>
Eugene R. Wedoff

Eugene R. Wedoff
144 N. Elmwood Ave.
Oak Park, IL 60302
(312) 285-5849
erwedoff@me.com

1