**No. 1:18-cv-05293**

_____

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

_____

|  |  |  |
|---|---|---|
| In re George Burciaga, | ) | |
| | ) | |
| Debtor | ) | Appeal from the United |
| _____ | ) | States Bankruptcy Court |
| | ) | for the Northern District |
| George Burciaga, | ) | of Illinois |
| | ) | |
| Debtor-Appellant, | ) | Case No: 18-13481 |
| | ) | |
| v. | ) | Hon. Janet S. Baer |
| | ) | Bankruptcy Judge |
| Alex Moglia, | ) | |
| | ) | |
| Trustee-Appellee. | ) | |

_____

**BRIEF OF DEBTOR-APPELLANT
GEORGE BURCIAGA**

_____

Eugene R. Wedoff
144 N. Elmwood Ave.
Oak Park, IL 60302
(312) 285-5849
erwedoff@me.com

David P. Leibowitz
Justin R. Storer
Lakelaw
53 W. Jackson, Suite 1115
Chicago, IL 60604
(312) 662-5750
dleibowitz@lakelaw.com
jstorer@lakelaw.com

*Attorneys for Debtor-Appellant*

# Table of Contents

Table of Authorities ................................................................ii

I.      Jurisdiction ................................................................ 1

II.     Issues Presented .......................................................... 2

III     Statement of the Case .................................................... 2

IV.     Summary of the Argument ................................................. 3

V.      Argument: The Bankruptcy Court erred in denying Mr. Burciaga
an  exemption for his unpaid compensation ................................. 6

    A.  Section 522(b)(3)(A) of the Bankruptcy Code exempts from the
       bankruptcy estate any property that state law protects against
       all forms of creditor collection ...................................... 6

    B.  Under Illinois law, the wage exemption of § 5/12-803 is pro-
       tected against all forms of creditor collection ........................ 9

    C.  Decisions denying a bankruptcy exemption under § 5/12-803
       are based on mistaken premises ..................................... 13

       1.  No collection method under Illinois law allows recovery of
          wages exempted by § 5/12-803. ................................. 15

       2.  Although the exemption in § 5/12-803 may not apply to
          wages after they have been paid, this does not affect the
          exemption's application to unpaid wages ....................... 18

       3.  Legislative intent does not make the wage exemption of
          § 5/12-803 inapplicable in bankruptcy cases. ................. 22

VI.     Conclusion ............................................................. 26

# Table of Authorities

## Cases

*Brown v. Sommers (In re Brown)*, 807 F.3d 701 (5th Cir. 2015) ............ 20

*Crawford v. Schmitz,* 29 N.E. 40 (Ill. 1891) ...................................... 4, 9-10

*First Finance Co. v. Pellum,* 338 N.E.2d 876, 879 (Ill. 1975).................. 11

*Hodge v. Sinclair (In re Sinclair),* 417 F.3d 527 (5th Cir. 2005) ............ 21

*In re Barker,* 768 F.2d 191 (7th Cir. 1985).......................................... 3, 24

*In re Bell,* 526 B.R. 288 (Bankr. N.D. Ind. 2015) .................................... 14

*In re Boparai*, 2010 Bankr. LEXIS 25 (Bankr. C.D. Ill. 2010) .............. 14

*In re Foster*, 556 B.R. 233 (Bankr. E.D. Va. 2016).................................. 14

*In re Geise,* 992 F. 2d. 651 (7th Cir. 1993)............................... 3-4, 8, 19-20

*In re Graham,* 2010 Bankr. LEXIS 3048, 2010 WL 3463720 (Bankr. M.D. La. 2010)...................................................................................... 21

*In re Haraughty*, 403 B.R. 607 (Bankr. S.D. Ind. 2009)................... 14, 16

*In re Hoetmer,* 2011 Bankr. LEXIS 2756, 2011 WL 2893628 (Bankr. S.D. Ind. 2011 ........................................................................................ 14

*In re Koeneman,* 2009 Bankr. LEXIS 346 (Bankr. C.D. Ill. 2009), *rev'd,* 410 B.R. 820 (C.D. Ill. 2009)..................................................................... 13

*In re Koeneman*, 410 B.R. 820 (C.D. Ill. 2009) ............................... 5, 13-14

*In re Lawrence,* 219 B.R. 786 (E.D. Tenn. 1998)................................. 18-19

*In re Marriage of Logston*, 469 N.E.2d 167 (Ill. 1984)............................. 24

*In re Mayer*, 388 B.R. 869 (Bankr. N.D. Ill. 2008) .................... 5. 12, 13-14

*In re Radez,* 2009 Bankr. LEXIS 1249, 2009 WL 1404326 (Bankr. S.D. Ind. 2009*)*.................................................................................. 14

*In re Radzilowsky,* 448 B.R. 767 (Bankr. N.D. Ill.  2011) ........5, 14, 18-19

*In re Resler*, 282 B.R. 246 (Bankr. D. Kan. 2002)....................................21

*In re Sinclair*, 563 B.R. 554 (Bankr. E.D. Cal. 2017) ............................... 1

*In re Thum,* 329 B.R. 848 (Bankr. C.D. Ill.  2005)....................5, 14-18, 22

*In re Wasserman*, 2015 Bankr. LEXIS 4268, 2015 WL 8861107 (Bankr. N.D. Ill. 2015) ......................................................................................... 12

*In re Weinhoeft*, 275 F.3d 604 (7th Cir. 2001)....................................20-21

*Law v. Siegel*, 571 U.S. 415, 134 S. Ct. 1188 (2014) ................................ 23

*Libby Furniture & Appliance Co. v. Nabors*, 230 N.E.2d 28 (Ill. App. 1967)........................................................................................................ 11

*McFarland v. Wallace (In re McFarland)*, 790 F.3d 1182 (11th Cir. 2015)....................................................................................................8, 25

*Robinson v. Hagan,* 811 F.3d 267 (7th Cir. 2016) .............................3, 24

*Scarlett v. Barnes,* 121 Bankr. 578 (W.D. Mo. 1990)................................ 8

*Sharifeh v. Fox (In re Sharif)*, 549 B.R. 485 (Bankr. N.D. Ill. 2016)........ 7

*Velis v. Kardanis,* 949 F.2d 78, 82 (3d Cir. 1991) ..............................20-21

*Wienco, Inc. v. Scene Three, Inc.*, 29 F.3d 329 (7th Cir. 1994)...........16-18

*Wissman v. Pittsburgh Nat'l Bank*, 942 F.2d 867 (4th Cir. 1991)............ 1

## Statutes and Rules

11 U.S.C. § 522(b) ................................................................... 2

11 U.S.C. § 522(b)(3)(A) ..................................................... 3-8, 13

11 U.S.C. § 522(c), (k) ........................................................... 23

28 U.S.C. § 1334(b) ................................................................ 1

28 U.S.C. § 157(b)(2) .............................................................. 1

28 U.S.C. § 158(a)(1) .............................................................. 2

735 ILCS 5/2-1402 ........................................................... 4-5, 12

735 ILCS 5/2-1402(c)(2) ..................................................... 17, 23

735 ILCS 5/2-1402(k-5) ................................................. 5, 12 17, 23

735 ILCS 5/12-801 ........................................................ 5, 11-13

735 ILCS 5/12-801 *et seq* ...................................................... 11

735 ILCS 5/12-803 ......................................................... *passim*

735 ILCS 5/12-808(a), (b) ...................................................... 11

735 ILCS 5/12-1006 ......................................................... 20-21

735 ILCS 5/12-1201 ............................................................... 7

Fed. R. Bankr. P. 8002(a)(1) ................................................. 1-2

## Other Authorities

Lawrence Ponoroff, *Constitutional Limitations on State-Enacted Bank-
ruptcy Exemption Legislation and the Long Overdue Case for Uni-
formity*, 88 Am. Bankr. L.J. 353, (2014) .............................. 7

William T. Vukowich, *Debtors' Exemption Rights,* 62 Geo. L.J. 779
(1974) ............................................................................ 8

# I.    Jurisdiction

The only issue in this appeal is whether a portion of the compensation owed to George Burciaga at the time of his bankruptcy filing is exempt from his bankruptcy estate, the property that a bankruptcy trustee may take for payment of debts.[1]  Disputes over exemptions arise under the Bankruptcy Code, 11 U.S.C. § 522(b), and are within the jurisdiction accorded by 28 U.S.C. § 1334(b).  Exemption disputes are among the core proceedings that bankruptcy judges may hear and determine under 28 U.S.C. § 157(b)(2), and a bankruptcy judge's order denying an exemption is a final order.  *In re Sinclair*, 563 B.R. 554, 564-65 (Bankr. E.D. Cal. 2017).  The order denying Mr. Burciaga's claimed exemption was entered on July 27, 2018.  Appendix ("App.") 23.  A notice of appeal was filed on August 1, 2018, within the time allowed by

---

[1] The debtor raised his exemption claim by filing a motion to require the trustee to abandon the exempt property, App. 5, but he has not pursued abandonment as a separate ground for relief.  If property is exempted from the estate, abandonment is not necessary.  *See Wissman v. Pittsburgh Nat'l Bank*, 942 F.2d 867, 870 (4th Cir. 1991) ("The trustee may refuse to abandon property that has value to the estate, but if the debtor is entitled by statute to an exemption in it, he may claim it without abandonment by the trustee.")
.

Fed. R. Bankr. P. 8002(a)(1).  App. 24.  This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1).

## II.    Issues Presented

1. Whether property of a debtor is exempt under § 522(b)(3)(A) of the Bankruptcy Code if applicable state law provides that the property is not subject to any collection action.

2. Whether under Illinois law, 735 ILCS 5/12-803 and 735 ILCS 5/2-1402, unpaid compensation is protected against all creditor collection action.

## III.  Statement of the Case

The facts relevant to this appeal are not in dispute.  George Burciaga, the debtor in this case, was employed by CIVIQ Smartscapes, LLC until he was laid off, shortly before he filed this bankruptcy case. (App. 6, ¶¶ 6-7.)  Smartscapes owed Mr. Burciaga approximately $24,000 in accrued vacation pay at the time his employment ended. (App. 6, ¶ 9.)  In his bankruptcy case, Mr. Burciaga filed an amended schedule listing 85% of his vacation pay as exempt under Illinois law, 735 ILCS 5/12-803.  (App. 3.)  The bankruptcy trustee objected to the

exemption claim (App. 10), and Mr. Burciaga responded (App. 18). The bankruptcy court sustained the trustee's objection (App. 23), stating its reasons orally (App. 25). This appeal followed.

## IV.  Summary of the Argument

Exemptions are essential to debtors in bankruptcy. As the Seventh Circuit recognized in *In re Barker,* 768 F.2d 191, 196-97 (7th Cir. 1985), exemptions allow debtors to keep property that would otherwise be sold by a bankruptcy trustee to pay their debts, so that they are able to support themselves and their dependents after a bankruptcy filing. For this reason, ambiguities in exemption law are resolved in the debtors' favor. *Id.; Robinson v. Hagan,* 811 F.3d 267, 270-71 (7th Cir. 2016).

The Bankruptcy Code (Title 11 U.S.C.) allows a state to provide basic bankruptcy exemptions through its own exemption laws. Section 522(b)(3)(A) of the Code states that a debtor may exempt "any property that is exempt under . . . State or local law." The Code does not define what it means for property to be exempt under state law, but the Seventh Circuit has ruled on the question. *In re Geise,* 992 F. 2d. 651, 658 (7th Cir. 1993), holds that property is exempt under state law for

purposes of § 522(b)(3)(A) if it is immune from all forms of judicial collection process.

The question in this appeal is whether the property claimed as exempt by George Burciaga—85% of his accrued but unpaid vacation pay—is protected against all collection activity. Illinois law provides for precisely this protection.

First, Mr. Burciaga did not have possession or control of the compensation his employer owed him, but had only had a contractual right to receive it, and the common law does not allow a creditor to enforce a judgment by collecting funds owed to a judgment debtor by a third party. *Crawford v. Schmitz,* 29 N.E. 40, 41-42 (Ill. 1891).

Second, the Illinois Wage Deduction Act does allow a judgment creditor to obtain wages owing from an employer to a judgment debtor, but the Act specifies that the judgment debtor must receive at least 85% of the wages owed, the amount Mr. Burciaga has claimed as exempt. 735 ILCS 5/12-803.

Third, only one other Illinois statute, 735 ILCS 5/2-1402, Supplementary Proceedings, allows judgment enforcement against third parties. This statute establishes citations to discover assets, which impose

liens on funds owing to a judgment debtor by a third party, but the statute expressly recognizes and enforces the exemption set out the Wage Deduction Act. 735 ILCS 5/2-1402(k-5).

Finally, Mr. Burciaga's vacation pay was within the statutory exemption for wages, 735 ILCS 5/12-801 (defining "Wages" as "any hourly pay, salaries, commissions, bonuses, or other compensation owed by an employer to a judgment debtor").

These points led to a bankruptcy court decision finding that 85% of unpaid wages are protected against all forms of collection process under Illinois law and so are exempt in bankruptcy under § 522(b)(3)(A). *In re Mayer*, 388 B.R. 869 (Bankr. N.D. Ill. 2008). Several other Illinois bankruptcy decisions, however, did not accept this analysis, and in its oral ruling, at App. 26, the court below cited three of the contrary decisions: *In re Thum,* 329 B.R. 848 (Bankr. C.D. Ill. 2005); *In re Koeneman*, 410 B.R. 820, 827 (C.D. Ill. 2009), and *In re Radzilowsky,* 448 B.R. 767 (Bankr. N.D. Ill. 2011).

These decisions each rely on one or more of the following assertions: first, that there is some means under Illinois law for collection of unpaid wages not subject to the exemption set out in § 5/12-803 of the

Wage Deduction Act; second, that just as § 5/12-803 does not expressly apply to wages already paid to a debtor, it does not apply to unpaid wages; and third, that the Illinois legislature did not intend for § 5/12-803 to apply in bankruptcy cases.

Each of these assertions is mistaken. The decisions cited by the court below identify no Illinois collection procedure that overrides the wage deduction exemption in § 5/12-803; an exemption law that does not apply to wages already received by a debtor may nevertheless apply to unpaid compensation owing to the debtor; and there is no basis for finding an unstated intent of the Illinois legislature that prevents the wage exemption in § 5/12-803 from applying in bankruptcy, a result that would be contrary to the rule for interpreting exemption laws prescribed by the Illinois courts and the Seventh Circuit.

## V. Argument

### The Bankruptcy Court erred in denying Mr. Burciaga a bankruptcy exemption for his unpaid compensation.

#### A. Section 522(b)(3)(A) of the Bankruptcy Code exempts from the bankruptcy estate any property that state law protects against all forms of creditor collection.

The Bankruptcy Code incorporates state law in allowing exemptions to debtors in bankruptcy. Section 522(b)(3)(A) of the Code

provides that property is exempt in bankruptcy cases if the property is "exempt . . . under State or local law."[2]

The Seventh Circuit has ruled on the question of how to determine what property is "exempt under State law" for purposes of incorporation into bankruptcy exemptions, holding that § 522(b)(3)(A) does not require state exemptions to be included in a collection of exempt property, but rather that this provision looks to the effect of a state law: if that law protects particular type of property from all forms of creditor collection, the property is exempt for purposes of bankruptcy.

> [A] brief glance at a collection of the state exemption statutes confirms, even in those states that have enacted specific statutory listings of exempt property, other statutory sections also have been considered exemptions.
>
> . . . .

---

[2] The history and current law on exemptions in bankruptcy is discussed in Lawrence Ponoroff, *Constitutional Limitations on State-Enacted Bankruptcy Exemption Legislation and the Long Overdue Case for Uniformity*, 88 Am. Bankr. L.J. 353, 356-59 (2014). The article points out that current bankruptcy law initially gives the debtor the choice between state exemptions and a set of federal exemptions set out in § 522(d) of the Code, but that the law also allows states to deny debtors the choice of the Code's exemptions. *Id.* at 357-58. Illinois has exercised this option, 735 ILCS 5/12-1201, so that the Code's federal exemptions are not available to debtors subject to Illinois law. *Sharifeh v. Fox (In re Sharif)*, 549 B.R. 485, 532 (Bankr. N.D. Ill. 2016).

> While state courts frequently refer to statutes which prohibit
> only certain forms of judicial process as "exemption" stat-
> utes, the term "exemption" "conventionally connotes protec-
> tion against all forms of process . . . ." William T.
> Vukowich, *Debtors' Exemption Rights,* 62 Geo. L.J. 779, 816
> (1974). Therefore, it is appropriate, in our view, to give the
> word its common meaning in the absence of any legislative
> indication to the contrary. *See, e.g., Scarlett v. Barnes,* 121
> Bankr. 578 (W.D. Mo. 1990) (holding in the absence of defini-
> tive state authority, under Missouri law, a cause of action is
> not exempt unless immune from all types of judicial process).

*In re Geise,* 992 F. 2d. 651, 657, 658 (7th Cir. 1993).[3]

The reading of § 522(b)(3)(A) set out in *Geise* has not been ques-

tioned by any subsequent decision and was recently cited with approval

by the 11th Circuit. *McFarland v. Wallace (In re McFarland)*, 790 F.3d

1182, 1191 (11th Cir. 2015). The starting point, then, for determining

---

[3] *Geise* itself dealt with the question of whether an exemption for
personal injury actions was created by a Wisconsin statute that ex-
cluded from the property of a receiver or assignee a debtor's "[r]ights of
action arising . . . from . . . injury to his property." *Geise*, 992 F.2d at
657. The court held that there was no more than "a whisper of an echo"
that this language was intended to protect personal injury actions, and
so found that it created no exemption under state law for such actions.
*Id.* at 659. Although the court did not make this point, its holding was
supported by the Wisconsin legislature's later enactment of a specific
exemption for personal injury actions, limited to $25,000. *Id.* at 653
n.1. This would have created a conflict with the statute governing prop-
erty administered by a receiver if that statute had been interpreted as
granting an unlimited exemption for personal injury actions.

the validity of Mr. Burciaga's exemption claim in bankruptcy is whether § 5/12-803 of the Illinois Wage Deduction Act protects 85% of a debtor's unpaid compensation against all forms of collection activity.

### B. Under Illinois law, the wage exemption of § 5/12-803 is protected against all forms of creditor collection.

A review of the relevant Illinois law makes it clear that wages exempted under § 5/12-803 are indeed protected against all forms of collection activity. The common law does not allow collection of contract rights against third parties, and the only Illinois statutes that allow collection from wages expressly recognize the exemption claimed by Mr. Burciaga.

*Common law enforcement.* In Illinois, a collection action against parties other than a judgment debtor—such as an employer owing wages to the debtor—is not part of the common law procedures for enforcement of judgments. The Illinois Supreme Court made this clear in an early decision, *Crawford v. Schmitz,* 29 N.E. 40 (Ill. 1891).

In *Crawford*, the court dealt with a decree entered on a bill in chancery filed by the conservator of an insane person to recover the value of a promissory note, bonds, and interest coupons that had been

held by the insane person but were sold in executing a judgment against him.  The chancery court entered a decree requiring the buyer of the securities at the execution sale to pay their value to the conservator.  The appellate court affirmed this decree on the ground that the securities were not tangible property, but only evidence of claims—choses in action—against third parties, the issuers of the securities.  The Supreme Court affirmed this decision, pointing to the limited collection remedies that the common law provided against third parties:

> The Appellate Court sustained the decree . . .  upon the principle that [the] bonds, note and interest coupons, being mere choses in action, were not subject to seizure and sale on execution, and therefore, that no title thereto passed to the purchaser at said sale. In this we think said court decided correctly. At common law, notes, accounts and choses in action generally, could not be taken on execution. [Citations omitted.] This common law rule still prevails except where it has been changed by statute, and we are aware of no statute changing the rule in this State . . . .
>
> By our statutes, executions . . .  run against the goods and chattels of the judgment debtor, and these words are held to include only tangible property which may be seized and which may be present at the sale. A chose in action, on the other hand, is a personal right or thing not reduced to possession, but recoverable in an action, and which can not be enforced against a reluctant party without suit.

*Crawford v. Schmitz*, 29 N.E. at 41-42.

Accordingly, under Illinois law, a judgment creditor may only collect from an employer the wages owed to a judgment debtor if a collection action against unpaid wages is authorized by statute.

*Statutory collection from wages.* Illinois has only two statutes that allow wage collection. The more specific statute is the Wage Deduction Act, 735 ILCS 5/12-801 *et seq.,* which the Illinois Supreme Court has recognized as "a statutory proceeding unknown to the common law," and which, the court pointed out, allows collection only from "nonexempt wages." *First Finance Co. v. Pellum,* 338 N.E.2d 876, 879 (Ill. 1975). Section 5/12-803 of the Act establishes the exemption that Mr. Burciaga claims, providing that an employer may deduct for payment to a creditor no more than 15% of a debtor's unpaid compensation, and § 5/12-808(a) and (b) enforce this exemption by requiring the employer to pay the employee subject to wage deduction "the amount of his or her exempt wages" and only retain for payment to judgment creditors, "any non-exempt wages due or to become due." *See Libby Furniture & Appliance Co. v. Nabors*, 230 N.E.2d 28, 30-31 (Ill. App. 1967) (noting that the Wage Deduction Act requires employers "to ascertain and claim for the employee the benefit of the wage exemption").

The remaining relevant Illinois statute, titled Supplemental Procedures and set out at 735 ILCS 5/2-1402, provides that a judgment creditor may satisfy a claim from property of a judgment debtor held by a third party through a citation to discover assets, and that this process may be used to obtain payment from a debtor's wages. *See In re Mayer*, 388 B.R. 869, 873 (Bankr. N.D. Ill. 2008). However, as of January 1, 2008, § 5/2-1402 was amended to add subsection (k-5), making it clear that the exemptions of the Wage Deduction Act are fully applicable in citation proceedings. The new subsection states:

> If the court determines that any property held by a third party respondent is wages pursuant to Section 12-801, the court shall proceed as if a wage deduction proceeding had been filed and proceed to enter such necessary and proper orders as would have been entered in a wage deduction proceeding including but not limited to the granting of the statutory exemptions allowed by Section 12-803 . . . .

*See In re Wasserman*, 2015 Bankr. LEXIS 4268, at *4, 2015 WL 8861107 (Bankr. N.D. Ill. 2015) (stating that when a citation to discover assets is served on an employer holding wages of the debtor, the court and parties must treat the citation as a wage deduction proceeding).

As compensation for his employment, Mr. Burciaga's vacation pay was "wages" under the Wage Deduction Act, since § 5/12-801 of the Act

defines wages as including a wide range of payment forms: "any hourly pay, salaries, commissions, bonuses, or other compensation owed by an employer to a judgment debtor." The trustee has acknowledged that this definition applies to vacation pay. Trustee Objection to Exemption, App. 11, ¶6.

Mr. Burciaga, then, has asserted a valid exemption under § 5/12-803 of the Illinois Wage Deduction Law for his unpaid vacation pay, and because the exemption is protected against all forms of collection activity, it is effective in bankruptcy under § 522(b)(3)(A) of the Bankruptcy Code.

### C. Decisions denying a bankruptcy exemption under § 5/12-803 are based on mistaken premises

In one Illinois bankruptcy court decision, *In re Mayer*, 388 B.R. 869, 874 (Bankr. N.D. Ill. 2008), the principles outlined above were applied in allowing a wage exemption under Illinois law.[4] Several other

---

[4] In the briefing below, the trustee asserted that *Mayer* is the only decision interpreting § 5/12-803 as creating a wage deduction effective in bankruptcy. Trustee's Objection to Exemption, App. 11. That is not correct. The reasoning in *Mayer* was followed in *In re Koeneman,* 2009 Bankr. LEXIS 346 (Bankr. C.D. Ill. 2009), *rev'd,* 410 B.R. 820 (C.D. Ill. 2009), and although that decision was reversed and its author later determined to follow the ruling of the district court in a subsequent opinion, the later opinion indicated a continuing belief that the *Mayer*

decisions, however, have rejected *Mayer's* reasoning, and the bank-
ruptcy court in this case determined to follow their approach in its oral
opinion, App. 26, citing three of them: *In re Thum,* 329 B.R. 848
(Bankr. C.D. Ill. 2005); *In re Koeneman*, 410 B.R. 820, 827 (C.D. Ill.
2009) (incorrectly transcribed in the oral opinion as "the Pullman case"),
and *In re Radzilowsky,* 448 B.R. 767 (Bankr. N.D. Ill. 2011). These de-
cisions, however, are based on three mistaken understandings of the ap-
plicable law.

---

analysis is correct. *See In re Boparai*, 2010 Bankr. LEXIS 25, at *2-3
(Bankr. C.D. Ill. 2010). Moreover, in interpreting similar statutory pro-
visions under Indiana law, the Bankruptcy Court for the Southern Dis-
trict of Indiana adopted the interpretation set out in *Mayer. In re
Haraughty*, 403 B.R. 607, 610-11 (Bankr. S.D. Ind. 2009). All later Indi-
ana bankruptcy decisions have recognized the wage deduction estab-
lished by Indiana law. See *In re Bell,* 526 B.R. 288, 290, 294-95 (Bankr.
N.D. Ind. 2015); *In re Hoetmer,* 2011 Bankr. LEXIS 2756, 2011 WL
2893628 (Bankr. S.D. Ind. 2011); and *In re Radez,* 2009 Bankr. LEXIS
1249, 2009 WL 1404326 (Bankr. S.D. Ind. 2009*).* For a discussion of na-
tional cases dealing with wage exemptions in bankruptcy, see *In re Fos-
ter*, 556 B.R. 233, 247 (Bankr. E.D. Va. 2016).

### 1. No collection method under Illinois law allows recovery of wages exempted by § 5/12-803.

As discussed in Part A of this argument, a state exemption is only effective in bankruptcy if it protects the exempted property from all forms of collection action. One ground for finding that the wage exemption in § 5/12-803 is not effective in bankruptcy would be to show that there is some other method under Illinois law by which a judgment creditor can obtain payment from the judgment debtor's unpaid wages. The *Thum* decision adopted this ground for denying the wage exemption of § 5/12-803 in bankruptcy. Using the phrase "general exemption" to mean an exemption protecting property from all collection methods, *Thum* made two arguments to support its conclusion that § 5/12-803 is not a general exemption of unpaid wages.

First, *Thum* pointed to other Illinois exemption provisions that contain broad exclusions from collection activity not present in § 5/12-803, such as the exemption for insurance proceeds, 215 ILCS 5/238(a), which makes the proceeds "exempt from execution, attachment, garnishment or other process, for the debts or liabilities of the insured." *Thum* then argued that because § 5/12-803 does not contain similar language, "it is difficult to buy" the argument that the wage exemption is a

general one. *Thum*, 329 B.R. at 853-54. This analysis fails though because the other collection mechanisms, particularly execution of judgment, are simply not applicable to wage collection under the common law. As discussed in the preceding section of this argument, the Illinois wage deduction exemption expressly applies to the only methods of wage collection available under Illinois law—wage deductions and citations to discover assets. As the Indiana bankruptcy court noted in *In re Haraughty*, 403 B.R. at 611, "[I]t would make little sense to protect unpaid wages from forms of process that are simply inapplicable."

Second, *Thum* states that Illinois does provide a method for collection from unpaid wages other than wage deductions: "[A] wage deduction proceeding is not the exclusive method by which an employee's earnings may be diverted to a judgment creditor. For example, a simple court order, entered at a citation proceeding, would suffice." *Thum*, 329 B.R. at 854. Similarly, *Thum* cites *Wienco, Inc. v. Scene Three, Inc.*, 29 F.3d 329 (7th Cir. 1994), which finds no bankruptcy exemption for wages under § 5/12-803 because, as it read then current Illinois law, the judgment debtor, rather than the employer, could be ordered to pay future wages to a judgment creditor. 329 B.R. at 855-56. Like *Thum,*

*Wienco* relied on Illinois citations to discover assets as support for this understanding. 29 F.3d at 330.

But even if *Thum* and *Wienco* presented accurate statements of the citation process in effect at the time they were written, amendments enacted since that time make their reading of the citation process incorrect as applied to current Illinois law. Illinois now makes citations to discover assets expressly subject to the wage deduction exemption, 735 ILCS 5/2-1402(k-5), and the change in the statutory language cited in *Wienco* is equally stark. *Wienco* quoted what was then 735 ILCS 5/2-1402(b)(2) as enabling a court to "[c]ompel the judgment debtor to pay to the judgment creditor . . . a portion of his or her income, whenever earned or acquired, as the court may deem proper," with no limitation based on the Wage Deduction Act. *Wienco,* 29 F.3d 329. The language quoted by the court now appears in 735 ILCS 5/2-1402(c)(2), with a substantial change. The current version of the statute allows the court to "[c]ompel the judgment debtor to pay to the judgment creditor . . . a portion of his or her income, whenever earned or acquired, as the court may deem proper . . . *provided that the judgment debtor shall not be*

*compelled to pay income which would be considered exempt as wages under the Wage Deduction Statute*" (emphasis added).

Illinois, then, has effectively amended its collection statutes on unpaid wages expressly to provide the protection for exempted wages that *Wienco* and *Thum* had found was not extended previously.

None of the decisions cited by the court below suggest any other Illinois collection process that would allow creditors to collected wages exempted under § 5/12-803.  That exemption does indeed protect at least 85% of a debtor's unpaid wages from all forms of creditor collection action.

> **2.  Although the exemption in § 5/12-803 may not apply to wages after they have been paid, this does not affect the exemption's application to unpaid wages.**

The most recent of the cases cited in the oral opinion below, *In re Radzilowsky,* sets out a different basis—the scope of the wage exemption in § 5/12-803—for concluding that the exemption is not effective in bankruptcy.  *Radzilowsky* first quotes *In re Lawrence,* 219 B.R. 786, 791 (E.D. Tenn. 1998), for the rule that property protected by a state exemption is only exempted in bankruptcy if "the debtor can forever sequester [it] to himself and place [it] completely beyond the reach of his

creditors," and *Radzilowsky* then states that because § 5/12-803 only applies to unpaid wages held by the debtor's employer and not to the wages after they are paid to the debtor, it "does not 'forever sequester' the debtor's wages, or even his unpaid wages," and so creates no federal exemption. *Radzilowsky*, 448 B.R. at 768-69.

It is likely that wages already paid to an employee are not protected under § 5/12-803, though there appear to be no precedential Illinois decisions on this issue.[5] However, *Radzilowsky* is mistaken in asserting that a state exemption must "forever sequester" property in order to create an exemption in bankruptcy. *In re Lawrence* introduced this language with no citation to authority, 219 B.R. at 791, and the language contradicts the rule applied in the Seventh Circuit—that property covered by a state exemption is exempt under the Bankruptcy Code if state law protects the property against all forms of collection

---

[5] An unpublished decision of the Illinois Appellate Court, *Privatebank & Tr. Co. v. Gatto*, 2018 IL App (2d) 170396-U, holds that wages lose their exemption under § 5/12-803 after they are paid to the employee, but Rule 23(e) of the Illinois Supreme Court provides that unpublished opinions of the Illinois Appellate Court are not precedential and may not be cited as authority.

activity, not that the property must remain protected if it is later transferred. *In re Geise,* 992 F. 2d. at 657-58.

Bankruptcy exemptions are determined at the time of the bankruptcy filing, not affected by changes occurring afterward. *Brown v. Sommers (In re Brown)*, 807 F.3d 701, 708 (5th Cir. 2015) ("A debtor's eligibility for a state law exemption under § 522 is determined by the facts and law in existence on the date that the debtor filed his bankruptcy petition. [A]ll exemptions are determined at the time the bankruptcy petition is filed, and . . . they do not change due to subsequent events.")

This rule can be seen in the treatment of another Illinois exemption, 735 ILCS 5/12-1006, granting an exemption for pension and retirement plans. Funds that a debtor has withdrawn from a pension fund before a creditor seeks to collect them are not exempt, but this does not negate the exemption for funds that are held in a pension account at the time collection is sought.

> A pension trust is inalienable no matter how strong the creditor's equitable claim to the money, and funds not in pension trusts are alienable no matter how much the debtor would prefer to keep the value out of creditors' hands. The proof of this is the rule that as soon as funds are *withdrawn* from a plan, creditors can reach them freely. See *Velis v. Kardanis,*

949 F.2d 78, 82 (3d Cir. 1991). We see no reason why § 5/12-1006 should be construed to cover funds that are outside retirement plans. . . . It is not *origin* but *destination* that matters. If settlement funds are deposited in a retirement plan covered by either ERISA or state law such as § 5/12-1006, then they are exempt from creditors' claims as long as they remain in that plan.

*In re Weinhoeft*, 275 F.3d 604, 606 (7th Cir. 2001); *accord*, *In re Pink*, 2012 U.S. Dist. LEXIS 65390, 2012 WL 1655972 (N.D. Ill. 2012).

The same rule applies to wage exemptions. In *Hodge v. Sinclair (In re Sinclair),* 417 F.3d 527, 531-32 (5th Cir. 2005), the court held that a Louisiana earnings exemption "does not protect wages once they have been paid," but that this did not prevent the exemption from applying to compensation earned but not yet paid. *In re Graham,* 2010 Bankr. LEXIS 3048 at *7, 2010 WL 3463720 (Bankr. M.D. La. 2010). Similarly, in *In re Resler*, 282 B.R. 246, 249 (Bankr. D. Kan. 2002), the court held that a Kansas wage exemption was not applicable to wages received by a debtor, even though it did create an exemption, enforceable in bankruptcy, for unpaid wages.

Whether or not § 5/12-803 protects wages already paid to a debtor, it plainly protects unpaid wages, and it fully supports Mr. Burciaga's

exemption claim to the compensation held by his employer at the time of this bankruptcy filing.

### 3. Legislative intent does not make the wage exemption of § 5/12-803 inapplicable in bankruptcy cases.

The final issue raised by the decision below is legislative intent. The oral opinion below concludes that the Illinois General Assembly did not intend for § 5/12-803 to apply in bankruptcy cases, and in support of this understanding quotes, at App.27, the *Thum* decision:

> The purpose of garnishment caps is to protect a wage earner living paycheck to paycheck from losing his entire earnings so that he is left destitute with no ability to pay necessary family living expenses. Presumably, by receiving 85% of his pay, he is at least able to pay the rent and put food on the table. Once he deposits the wages into a bank account, however, the funds become fair game for creditors. An insolvent person may not accumulate and shelter funds in a bank account simply because they derive from wages. It is entirely rational that the Legislature would enact wage garnishment caps as a limited, non-bankruptcy protection for accrued wages while leaving the wild card exemption as the sole source of protection for paid wages.

*Thum*, 329 B.R. at 855.

This quotation is somewhat difficult to follow, since the debtor in *Thum*, like Mr. Burciaga, was not attempting to exempt wages that had already been paid, but wages held by his employer. However, the idea underlying of this analysis appears to be that bankruptcy gives greater

22

protection to a state wage exemption than would apply outside of bankruptcy and that the legislature did not have intend to grant this greater protection.

The premise of this argument is correct: bankruptcy may provide more extensive protection for the Illinois wage exemption. Outside of bankruptcy—although § 5/12-803 would prevent a creditor from obtaining unpaid wages from an employer and although 735 ILCS 5/2-1402(c)(2) and (k-5) would prevent the debtor from being ordered to pay received wages to the creditor—it may be that a creditor could use the citation process to obtain wages that the debtor had placed in a bank account. In bankruptcy, on the other hand, property that is exempt cannot be used to satisfy debts that arose before the bankruptcy filing. *Law v. Siegel*, 571 U.S. 415, 417-18, 134 S. Ct. 1188, 1192 (2014) ("Except in particular situations specified in the Code, exempt property 'is not liable' for the payment of 'any [prepetition] debt' . . . . [11 U.S.C.] § 522(c), (k)."). So the compensation held by an employer at the time of a debtor's bankruptcy filing, and therefore exempt under § 5/12-803, does not lose its exempt status when it is transferred to the debtor, and it cannot be seized by the creditor even if deposited in a bank account.

However, there is no basis for assuming that the General Assembly intended to prevent this result. The Seventh Circuit made clear, in a recent decision applying an Illinois exemption to a rare copy of the Book of Mormon, that the scope of a state exemption in bankruptcy is determined by the language of the exemption, not by external policy considerations.

> When interpreting a statute, here the Illinois personal-exemption statute, 735 ILCS 5/12-1001, "the primary rule of statutory construction is to ascertain and effectuate the legislature's intent. In doing so a court looks first to the statutory language itself. If the language is clear, the court must give it effect and should not look to extrinsic aids for construction." *In re Marriage of Logston*, 103 Ill. 2d 266, 469 N.E.2d 167, 171, 82 Ill. Dec. 633 (Ill. 1984); *see also In re Barker*, 768 F.2d 191, 194 (7th Cir. 1985) (applying same).

*Robinson v. Hagan*, 811 F.3d 267, 269 (7th Cir. 2016). Accordingly, the court reversed the bankruptcy judge's decision in *Robinson* because it was based on the judge's assumption that only religious texts of negligible monetary value were intended to be exempted. *Id.* at 270. The court made one additional point: "[I]n *In re Barker*, 768 F.2d 191 (7th Cir. 1985), we noted that, in a case 'where an exemption statute might be interpreted either favorably or unfavorably vis-á-vis a debtor, we

should interpret the statute in a manner that favors the debtor.' *Id.* at 196 (applying Illinois law)." 811 F.3d at 270-71.

There is nothing in the plain meaning of § 5/12-803, or in its context in the Illinois statutes, indicating that its exemption should not apply in bankruptcy. Where a state wishes to provide for special treatment of exemptions in bankruptcy, the state enacts bankruptcy-specific statutes. *See, e.g.*, *McFarland v. Wallace (In re McFarland)*, 790 F.3d 1182, 1191 (11th Cir. 2015) (discussing a Georgia statue specifically limiting a state exemption in bankruptcy). Illinois has enacted no such statute. The Seventh Circuit's directive for interpreting state exemptions in bankruptcy requires both that § 5/12-803 be applied according to its terms here and that any statutory ambiguity be resolved in Mr. Burciaga's favor.[6]

---

[6] If it were appropriate to speculate about legislative intent, it is at least as likely that the General Assembly did intend that a debtor in bankruptcy should receive an extended exemption of unpaid wages. The greater financial distress likely being experience by a debtor in bankruptcy would be good reason for somewhat greater protection. For Mr. Burciaga, who had just lost his job, the full use of his vacation pay may have been essential.

## VI. Conclusion

For the reasons set out above, the order of the Bankruptcy Court denying Mr. Burciaga's exemption in his unpaid compensation should be reversed and case remanded to the Bankruptcy Court for entry of an order allowing the exemption.

Respectfully submitted,

/s/ Eugene R. Wedoff

Eugene R. Wedoff
144 N. Elmwood Ave.
Oak Park, IL 60302
(312) 285-5849
erwedoff@me.com

David P. Leibowitz
Justin R. Storer
Lakelaw
53 W. Jackson, Suite 1115
Chicago, IL 60604
(312) 662-5750
dleibowitz@lakelaw.com
jstorer@lakelaw.com

Attorneys for Debtor-Appellant
George Burciaga

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the appellate CM/ECF system on October 5, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Eugene R. Wedoff
Eugene R. Wedoff

Eugene R. Wedoff
144 N. Elmwood Ave.
Oak Park, IL 60302
(312) 285-5849
erwedoff@me.com