No. 1:18-cv-05293

_____

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

_____

| | | |
|---|---|---|
| In re George Burciaga, | ) | |
| Debtor | ) ) ) | Appeal from the United States Bankruptcy Court for the Northern District of Illinois |
| _____ | ) | |
| George Burciaga, | ) ) | |
| Debtor-Appellant, | ) | Case No: 18-13481 |
| v. | ) ) | Hon. Janet S. Baer Bankruptcy Judge |
| Alex Moglia, | ) ) | |
| Trustee-Appellee. | ) | |

_____

## REPLY BRIEF OF DEBTOR-APPELLANT
## GEORGE BURCIAGA

_____

Eugene R. Wedoff
144 N. Elmwood Ave.
Oak Park, IL 60302
(312) 285-5849
erwedoff@me.com

David P. Leibowitz
Justin R. Storer
Lakelaw
53 W. Jackson, Suite 1115
Chicago, IL 60604
(312) 662-5750
dleibowitz@lakelaw.com
jstorer@lakelaw.com

*Attorneys for Debtor-Appellant*

# Table of Contents

Table of Authorities ................................................................................ ii

Argument .............................................................................................. 1

Section 12-803 of the Illinois Wage Deduction Act protects unpaid employee compensation from all forms of collection action, and so establishes an exemption under the Bankruptcy Code ...................................... 1

    1. Legislative history provides no basis for limiting the exemption in the Wage Deduction Act ........................................................ 2

        a. The language of the exemption ............................................ 4

        b. The amount of compensation covered by the exemption ... 7

    2. Whether the exemption applies to wages received by a debtor has no bearing on Mr. Burciaga's exemption claim .................... 9

Conclusion ......................................................................................... 15

# Table of Authorities

**Cases**

*Auto Owners Ins. v. Berkshire*, 588 N.E. 2d 1230 (Ill. App. Ct. 1992) ... 13

*Crawford v. Schmitz,* 29 N.E. 40, 41-42 (Ill. 1891) .................................. 5-6

*In re Awayda*, 574 B.R. 692 (Bankr. C.D. Ill. 2017) ........................... 11-12

*In re Geise,* 992 F. 2d. 651, 658 (7th Cir. 1993) .................................... 1, 10

*In re Kuceris*, 557 B.R. 6 (Bankr. D. Mass. 2016) .................................... 11

*In re Pink*, 2012 U.S. Dist. LEXIS 65390, 2012 WL 1655972
   (N.D. Ill. 2012) .......................................................................................... 12

*In re Snowden*, 386 B.R. 730 (Bankr. C.D. Ill. 2008) .............................. 12

*In re Wade*, 2011 Bankr. LEXIS 1132; 2011 WL 1193497
   (Bankr. S.D. Ill. 2011) ............................................................................10-11

*In re Weinhoeft*, 275 F.3d 604, 606 (7th Cir. 2001) .................................. 12

*Owen v. Owen*, 500 U.S. 305, 111 S. Ct. 1833 .......................................... 11

*Robinson v. Hagan*, 811 F.3d 267 (7th Cir. 2016) ............................... 2-3, 7

*White v. Stump*, 266 U.S. 310, 313, 45 S. Ct. 103 (1924) ........................ 11

**Statutes**

11 U.S.C. § 522(b)(3)(A) ................................................................................................ 1

735 ILCS 5/2-1402(c)(2) ........................................................................................... 4, 14

735 ILCS 5/2-1402(k-5) ................................................................................................ 6

735 ILCS 5/12-803 ............................................................................................... *passim*

735 ILCS 5/12-901 ...................................................................................................... 10

735 ILCS 5/12-906 ...................................................................................................... 11

735 ILCS 5/12-1001 ...................................................................................................... 4

735 ILCS 5/12-1001(j) ................................................................................................... 4

820 ILCS 305/21 ........................................................................................................... 5

# Argument

## Section 12-803 of the Illinois Wage Deduction Act protects unpaid employee compensation from all forms of collection action, and so establishes an exemption under the Bankruptcy Code.

George Burciaga's opening brief gave a straightforward basis for allowing the bankruptcy exemption he has claimed in compensation held by his former employer:

• Under § 522(b)(3)(A) of the Bankruptcy Code, Illinois law determines the exemptions to which Mr. Burciaga may claim in his bankruptcy case.

• Section 12-803 of the Wage Deduction Act, 735 ILCS 5/12-803, requires employers to exempt 85% of an employee's unpaid compensation from claims of creditors.

• The vacation pay held by Mr. Burciaga's former employer is employment compensation covered by § 12-803.

• A state law applies as an exemption in bankruptcy if the law protects the property it covers from all forms of creditor collection. *In re Geise,* 992 F. 2d. 651, 658 (7th Cir. 1993).

- Section 12-803 of the Wage Deduction Act protects unpaid compensation from all forms of creditor collection.

The appellee's brief filed by the trustee challenges the last two of these points, arguing (1) that, based on considerations of legislative intent, § 12-803 should be read to contain an unstated provision preventing it from applying in bankruptcy, and (2) that *In re Geise* must be interpreted to require that a state exemption can only be effective in bankruptcy if, outside of bankruptcy, the exemption would be unaffected by any change in the way the exempt property is held.

Both of these arguments are incorrect.

1. **Legislative history provides no basis for limiting the exemption in the Wage Deduction Act.**

Both the opening and closing sections of the argument in the trustee's brief assert that legislative intent should limit the bankruptcy application of the exemption for employee compensation in the Wage Deduction Act. The fundamental problem with all of this argumentation is that state exemptions are to be applied in bankruptcy according to their actual language, without the addition of extra-textual limitations. This is the interpretive rule of the Seventh Circuit. In *Robinson v. Hagan*, 811 F.3d 267 (7th Cir. 2016), the Court sustained reversal of a

2

bankruptcy decision that had applied an unstated dollar limitation on the Illinois exemption for a debtor's bible, approved the debtor's reliance on the plain meaning of the exemption statute, and rejected the trustee's effort to "read a restriction . . . into the statute where one does not appear," 811 F.3d at 272.

The trustee's brief turns this holding on its head, citing *Robinson* and acknowledging that the exemption in § 12-803 contains no limitations, but then concluding that "since there is no explicit statement that the Wage Deduction Act should create an exemption of bankruptcy, a court could easily conclude that the legislature did not intend to create one." Trustee Br. at 12. To the contrary, because there is nothing in the statute stating that it does not apply in bankruptcy, *Robinson* prohibits courts from implying one: a court may not read unstated restrictions into state exemptions.

Moreover, consistent with *Robinson*, the Illinois legislature has expressly set out the limitations it intends to impose on exemptions in bankruptcy. Illinois provides an exemption for funds held in a state-managed college savings pool, generally with no limitation on the amount contributed to the pool, but if a person asserting the exemption

3

files a bankruptcy case, there is an express statutory limit on the exemption: contributions to the savings pool within a specified period before the bankruptcy filing are not exempt to the extent that they exceed federal gift tax exclusions. *See* 735 ILCS 5/12-1001(j).

Similarly, all of the personal property exemptions in 735 ILCS 5/12-1001 are subject to the section's concluding paragraph:

> If a debtor owns property exempt under this Section and he or she purchased that property with the intent of converting nonexempt property into exempt property or in fraud of his or her creditors, that property shall not be exempt from judgment, attachment, or distress for rent. *Property acquired within 6 months of the filing of the petition for bankruptcy shall be presumed to have been acquired in contemplation of bankruptcy.*

(Emphasis added.)

In the same way, if the legislature had intended the Wage Deduction Act's exemption not to apply in bankruptcy, it would have said so.

And beyond contradicting the Seventh Circuit's holding in *Robinson*, there are additional flaws in the trustee's specific arguments for unstated limitations in the Illinois exemption for unpaid wages.

    a. *The language of the exemption*

The first section of the trustee's argument (Trustee Br. at 8-10) points out that Illinois statutes other than the Wage Deduction Act

4

contain phrases making particular property "exempt from judgment, attachment, or distress for rent" (735 ILCS 5/12-1001) or stating that particular property may not be "held liable in any way for any lien, debt, penalty or damages" (820 ILCS 305/21). The trustee argues that the different protective language in § 12-803 is a basis for finding an unstated bankruptcy limitation in the exception:

> The Wage Deduction Act merely protects "compensation owed by an employer to a judgment debtor. . . under a deduction order." Given the Illinois legislatures' decision not to include broad terms in the Wage Deduction Act, it's highly unlikely that the legislature intended it to provide for an exemption in bankruptcy.

Trustee Br. at 9-10.

This argument ignores the point made in Mr. Burciaga's brief (Appellant's Br. at 9-11) that the Wage Deduction Act contains no exclusion of the common law means of enforcing judgments because those enforcement mechanisms are inapplicable to unpaid wages—not because the legislature intended to weaken the protection of wages in bankruptcy. The Wages Deduction Act protects compensation held by a debtor's employer, and the common law means of creditor collection—listed in other Illinois exemption statutes—do not apply to contract rights that a

5

debtor has against a third party. *Crawford v. Schmitz,* 29 N.E. 40, 41-42 (Ill. 1891).

Far from indicating an intent to weaken the protection that the Wage Deduction Act extends to employee compensation, recent enactments of the Illinois legislature confirm its intent to protect that compensation from all creditor collection action. To clarify that a citation to discover assets, an alternative method of collection from third-parties, does not limit the Wage Deduction Act, the legislature enacted an amendment to the Code of Civil Procedure in 1993, 1993 Ill. Laws 299, expressly providing that under a citation proceeding, "the judgment debtor shall not be compelled to pay income which would be considered exempt as wages under the Wage Deduction Statute." 735 ILCS 5/2-1402(c)(2). And in 2007, in 2007 Ill. Laws 66, the legislature added 735 ILCS 5/2-1402(k-5), providing that "[i]f the court determines that any property held by a third party respondent is wages pursuant to Section 12-801 [of the Wage Deduction Act], the court shall proceed as if a wage deduction proceeding had been filed . . . ."

These enactments indicate a clear legislative intent both to make the Wage Deduction Act the only means for collecting employee

6

compensation from the employer, and to make the exemption in § 12–803 of the Act completely effective. There is no basis for finding legislative intent to exclude the exemption from applying in bankruptcy cases.

b. *The amount of compensation covered by the exemption*

The final section of the trustee's argument presents a view of exemption law almost identical to the one rejected in *Robinson v. Hagan*. The argument states because the exemption for unpaid compensation may be in a large amount, the legislature could not have intended the exemption to apply in bankruptcy: "When looking at the policy considerations behind the Wage Deduction Act, it is clear that the Wage Deduction Act was not intended to create an exemption in bankruptcy." (Trustee Br. at 12-14.) But just as "policy considerations" did not allow the bankruptcy court in *Robinson* to impose a dollar limit on the Illinois exemption for a bible—even though an original Book of Mormon was worth much more than most bibles—the size of an exemption for unpaid employee compensation cannot be a basis for finding an extra-textual elimination of the exemption in bankruptcy.

7

But there is another problem with the trustee's argument: it would contradict the very policy considerations that the argument relies on. The argument points to the general purpose of exemption law—to provide support for the debtor and the debtor's dependents—and concludes that an exemption for unpaid employee compensation should not be allowed in bankruptcy because "a Debtor could easily allow unpaid wages to accumulate with his employer and file the bankruptcy before those wages were paid out, or time his bankruptcy filing shortly before a bonus was received." Trustee Br. at 13. Of course, a debtor might well need deferred compensation or a bonus to pay for major repairs or other necessary support obligations, so even if unpaid compensation is not regularly scheduled it may completely accord with the purpose for exemptions. But more importantly, there is no reason why a debtor who has filed a bankruptcy case would have less need for employment compensation than a debtor not in bankruptcy. Yet the trustee's argument would deny the exemption to debtors in bankruptcy for any compensation—regularly scheduled or not—held by an employer. If a debtor had filed the bankruptcy shortly before a monthly paycheck was due, and the paycheck was essential to meet the debtor's ordinary living

8

expenses, the trustee's argument would nevertheless deprive the debtor of the exemption under the Wage Deduction Act.

In essence, the trustee's argument is that the Illinois legislature should have drafted § 12-803 of the Wage Deduction Act differently—limiting the amount of compensation subject to exemption or allowing the exemption only to the extent necessary for support. But the statute is drafted without such limitations, and—whether in bankruptcy or outside—the statute must be applied according to its terms, not according to what the trustee, a creditor, or even a judge might think is a better implementation of policy.

### 2. Whether the exemption applies to wages received by a debtor has no bearing on Mr. Burciaga's exemption claim

The second section of the trustee's argument (Trustee Br. at 10-12) asserts that the Wage Deduction Act does not protect compensation after it has been paid to a debtor and so does not protect against all forms of collection action.

The fundamental problem with this assertion is that Mr. Burciaga's only exemption claim is for compensation held by his former employer. He is not seeking to exempt compensation that he received

9

before filing his bankruptcy case. Unpaid compensation is what the Wage Deduction Act expressly protects, and under *In re Geise,* 992 F. 2d. 651, 658 (7th Cir. 1993), that protection is an exemption in bankruptcy if there are no other means of creditor collection against unpaid compensation. Whether the exemption would continue to apply after the compensation is paid is not relevant.

The trustee's argument is apparently premised on the idea that an exemption can only be effective within a bankruptcy case if, outside of bankruptcy, the property covered by the exemption would remain protected against creditor action regardless of the form in which the property is later held. That assumption is plainly wrong: property held in a form that is exempt under state law at the time of a bankruptcy filing is recognized as exempt in bankruptcy even if the property could lose the exemption under state law **due to** a later change in its status.

This rule is apparent in the context of homestead exemptions. Illinois provides a debtor with a homestead exemption under 735 ILCS 5/12-901 only for a home "occupied by him or her as a residence." Accordingly, the exemption cannot be recognized in bankruptcy if the debtor, though owning a home sought to be exempted, has moved to a

10

new residence before filing the bankruptcy case. *In re Wade*, 2011 Bankr. LEXIS 1132; 2011 WL 1193497 (Bankr. S.D. Ill. 2011). On the other hand, if the debtor was a resident at the time of the bankruptcy filing, the home remains exempt from claims of the bankruptcy trustee even if the debtor subsequently moves to a new home, since exemptions in bankruptcy are fixed at the time of the bankruptcy filing. *See In re Kuceris*, 557 B.R. 6 (Bankr. D. Mass. 2016) (exemption allowed for a home in which debtors resided at the time of the bankruptcy filing, but not for a home to which one of the debtors moved after filing).

Similarly, if a homeowner has sold property covered by the homestead exemption, Illinois law extends the exemption to the cash proceeds only for one year. 735 ILCS 5/12-906. If a bankruptcy is filed after the year has passed, there would be no exemption under Illinois law, but if a bankruptcy is filed during the year following a home sale, the proceeds of the sale remain exempt even if more than one year passes from the sale date while the bankruptcy case is pending.

> The Supreme Court has explained that it is the date of filing when "the status and rights of the bankrupt, creditors and the trustee . . . are fixed." *White v. Stump*, 266 U.S. 310, 313, 45 S. Ct. 103 (1924); *see also Owen v. Owen*, 500 U.S. 305, 314 n.6, 111 S. Ct. 1833 (1991) . . . . Further, as this Court has previously noted, "[c]ourts interpreting Illinois

11

> exemption laws have traditionally followed a 'snap-shot' rule holding that exemptions are determined as of the date of a case filing." [*In re*] *Snowden*, 386 B.R. [730,] 734 [(Bankr. C.D. Ill. 2008)](citation omitted). As such, "[d]evelopments which occur after filing should not impact on the entitlement to an exemption properly claimed at filing." *Id.* (citation omitted).

*In re Awayda*, 574 B.R. 692, 695 (Bankr. C.D. Ill. 2017) (applying the homestead exemption to the proceeds of a home sale because the bankruptcy case was filed within a year of the sale).

The same result applies under the Illinois exemption for retirement funds, 735 ILCS 5/12-1006. Retirement funds of the kind specified in the statute are exempt in bankruptcy, even though the exemption would be lost outside of bankruptcy if the funds were withdrawn from the retirement plan. *In re Weinhoeft*, 275 F.3d 604, 606 (7th Cir. 2001); *In re Pink*, 2012 U.S. Dist. LEXIS 65390, at *9, 2012 WL 1655972 (N.D. Ill. 2012) ("[Debtors] claim a right to assets that were once held in a plan. But the Seventh Circuit was very clear in *Weinhoeft* that the statute does not exempt such funds . . . .")

The trustee seeks to avoid this conclusion—and support his argument that to be valid in bankruptcy an exemption cannot be lost by a change in the way exempt property is held—by arguing that Illinois

actually extends the retirement fund exemption to all funds withdrawn from a retirement plan, so that change of the status of the funds does not cause a loss of the exemption. Trustee Br. at 11. This is not correct. The decision that the trustee cites, *Auto Owners Ins. v. Berkshire*, 588 N.E. 2d 1230 (Ill. App. Ct. 1992), holds that withdrawals from a retirement plan retain an Illinois exemption only to the extent that the withdrawn funds are used for the support of the debtor or the debtor's dependents. *Berkshire,* 588 N.E.2d at 1233 ("[I]f the debtor transforms the [retirement funds] into an investment, the purpose of the statutes is not being met; the funds are not being used for support and thus should lose their exempt character.") So there is always the potential loss of the retirement exemption because of a change in the way the funds are held, but this does not deprive current retirement funds from an exemption in bankruptcy.

There is actually some question about the extent to which the Wage Deduction Act provides protection for employee compensation after it is received by an employee. Although the Act itself is silent on the issue, the Code of Civil Procedure protects employee compensation after it is paid, stating that "the judgment debtor shall not be compelled to

13

pay income which would be considered exempt as wages under the Wage Deduction Statute." 735 ILCS 5/2-1402(c)(2). By its terms, this limitation might not apply to the collection of compensation that a debtor deposited into a bank account, since then the collection would be sought from the bank, not the debtor. But regardless of the extent to which employee compensation remains exempt after it is paid, the express exemption for unpaid compensation in the Wage Deduction Act—like the exemptions for homesteads and retirement funds—is fully applicable in bankruptcy even though it may be limited under state law after the compensation is paid.

## Conclusion

For the reasons set out above and in Mr. Burciaga's opening brief, the order of the Bankruptcy Court denying Mr. Burciaga's exemption in his unpaid compensation should be reversed and the case remanded to the Bankruptcy Court for entry of an order allowing the exemption.

Respectfully submitted,

/s/ Eugene R. Wedoff

Eugene R. Wedoff
144 N. Elmwood Ave.
Oak Park, IL 60302
(312) 285-5849
erwedoff@me.com

David P. Leibowitz
Justin R. Storer
Lakelaw
53 W. Jackson, Suite 1115
Chicago, IL 60604
(312) 662-5750
dleibowitz@lakelaw.com
jstorer@lakelaw.com


Attorneys for Debtor-Appellant
George Burciaga

15

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the appellate CM/ECF system on **November 19, 2018.**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Eugene R. Wedoff
Eugene R. Wedoff

Eugene R. Wedoff
144 N. Elmwood Ave.
Oak Park, IL 60302
(312) 285-5849
erwedoff@me.com